[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 16, 2011
JOHN LEY
CLERK

No. 10-13787
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20140-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(August 16, 2011)

Before TJOFLAT, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

David Martinez appeals his sentence of 48 months of imprisonment for

conspiring to use unauthorized access devices, 18 U.S.C. § 1029(b)(2), possessing

device-making equipment, id. § 1029(a)(4), and aggravated identity theft, id.

§ 1028A(a)(1). Martinez argues that the district court could not enhance by two points his base offense level for possessing device-making equipment, see United States Sentencing Guidelines Manual § 2B1.1(b)(10)(A)(i) (2009), because that misconduct was accounted for in his sentence for aggravated identity theft. We affirm.

The district court did not err by adding two points to Martinez's base offense level. A defendant convicted of aggravated identity theft cannot be sentenced for that offense and a "specific offense characteristic for the transfer, possession, or use of a means of identification," id. § 2B1.6 cmt. n.2, which includes any "telecommunication identifying information or access device (as defined in section 1029(e)[(1) and (11)])," 18 U.S.C. § 1028(d)(7). Martinez possessed a piece of "device-making equipment" called a "scanning receiver," U.S.S.G. § 2B1.1(b)(10)(A)(i) & cmt. n.9(A). The aggravated identity theft statute punishes the "transfer[], possess[ion], or use[], without lawful authority, [of] a means of identification of another." 18 U.S.C. § 1028A(a)(1). Because neither a piece of "device-making equipment" nor a "scanning receiver" constitute a means of identification, the district court could enhance Martinez's sentence for possessing a credit card skimming device.

We **AFFIRM** Martinez's sentence.